NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CLIVE AMROY ANTHONY BROWN, | : | Hon. Susan D. Wigenton |
| Petitioner, | : | |
| | : | Civil No. 12-7441 (SDW) |
| v. | : | |
| ROY L. HENDRIX, | : | OPINION |
| Respondents. | : | |

**APPEARANCES**:

    CLIVE AMROY ANTHONY BROWN, A 205 015 559
    Essex County Correctional Center
    354 Doremus Avenue
    Newark, New Jersey 07105
    Petitioner Pro Se

**WIGENTON**, District Judge:

    On November 29, 2012, Clive Amroy Anthony Brown filed a Petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his post-removal order detention since April 5, 2012, at Essex County Correctional Center in the custody of the Department of Homeland Security ("DHS") without a bond hearing. This Court will summarily dismiss the Petition because Petitioner has not alleged facts showing that there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," as required by Zadvydas v. Davis, 533 U.S. 678, 701 (2001), to make the government respond with evidence sufficient to rebut that showing.

## I.  BACKGROUND

Using the AO's form petition for a writ of habeas corpus under 28 U.S.C. § 2241, Clive Brown challenges his detention at Essex County Correctional Facility since April 5, 2012, when an immigration judge ordered his removal.  The Petition raises one ground:

> Ground One:  THE GOVERNMENT MAY NOT SUBJECT IMMIGRATION DETAINEES [TO DETENTION] FOR PROLONGED PERIOD OF TIME WITHOUT A BOND.
>
> Supporting Facts:  Petitioner has been in post-removal order status for roughly 8 months.

(Dkt. 1 at 6-7.)

He asks this Court "to release Petitioner on Bond or get an oral argument to show why Petitioner['s] detention is justified."  (Dkt. 1 at 8.)

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody," and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction over the Petition under § 2241 because Petitioner was detained within its jurisdiction in the custody of the DHS at the time he filed his Petition, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), and he asserts that his detention is not statutorily authorized and violates his constitutional rights.  See Bonhometre v. Gonzales, 414 F.3d 442, 445-46 (3d Cir.2005).

B.  Standard of Review

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  28 U.S.C. § 2254 Rule 4, applicable through Rule 1(b).  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  Id.; see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

C.  Legality of Detention

The Immigration and Nationality Act ("INA") authorizes the Attorney General of the United States to issue a warrant for the arrest and detention of an alien pending a decision on whether the alien is to be removed from the United States.  See 8 U.S.C. § 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . .").  See Demore v. Kim, 538 U.S. 510 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

Once an alien's order of removal is final, the Attorney General is required to remove him or her from the United States within a 90-day "removal period."  See  8 U.S.C. § 1231(a)(1)(A)

("Except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period').") 8 U.S.C. § 1231(a)(1)(A). This 90-day removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

Section § 1231(a)(2) requires DHS to detain aliens during this 90-day removal period. See 8 U.S.C. § 1231(a)(2) ("During the removal period, the Attorney General shall detain the alien"). However, if DHS does not remove the alien during this 90-day removal period, then § 1231(a)(6) authorizes DHS to thereafter release the alien on bond or to continue to detain the alien. Specifically, § 1231(a)(6) provides:

> An alien ordered removed who is inadmissible under section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In Zadvydas v. Davis, 533 U.S. 678 (2001), the Supreme Court held that § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about

that alien's removal from the United States." Zadvydas, 533 U.S. at 689. To guide habeas courts, the Supreme Court recognized six months as a presumptively reasonable period of post-removal-period detention. Id. at 701.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the "reasonably foreseeable future" conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

Zadvydas, 533 U.S. at 701.

In this Petition, Clive Brown states that an immigration judge ordered his removal on April 4, 2012; he challenges his "post-removal order status [detention] for roughly 8 months." (Dkt. 1 at 7.) He does not state that he appealed the order of removal to the Board of Immigration Appeals and, in the absence of an appeal, the order of removal became final[1] on May 7, 2012, when the time for seeking review by the BIA expired. See 8 C.F.R. § 1240.15 (An appeal from a decision of an immigration judge to the BIA "shall be filed within 30 calendar days after the mailing of a written decision, the stating of an oral decision, or the service of a summary decision"). Since the removal period begins on the "date the order of removal becomes administratively final," 8 U.S.C.

---

[1] An order of removal becomes "final upon the earlier of - (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B); see also 8 C.F.R. § 1241.1; Giraldo v. Holder, 654 F.3d 609, 611 (6th Cir. 2011); Hakim v. Holder, 611 F.3d 73, 77 (1st Cir. 2010); Chupina v. Holder, 570 F.3d 99, 103 (2d Cir. 2009); United States v. Calderon-Minchola, 351 Fed. App'x 610, 611 n.1 (3d Cir. 2009).

§ 1231(a)(1)(B)(i), Petitioner's removal period began on May 7, 2012, when the time to appeal to the BIA expired. Accordingly, the six-month presumptively reasonable period of post-removal-period detention expired on November 7, 2012.

However, "[t]his 6-month presumption, of course, does not mean that every alien not removed must be released after six months." Zadvydas, 533 U.S. at 701. To the contrary, the Zadvydas Court held that it is the alien's burden to provide good reason to believe removal is not foreseeable: "After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." Zadvydas, 533 U.S. at 701. As the Third Circuit explained,

> Once the six-month period has passed, the burden is on the alien to 'provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . .' Zadvydas v. Davis, 533 U.S. 678, 701 . . . (2001). Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.' Id.

Barenboy v. Attorney General of U.S., 160 Fed. App'x 258, 261 n.2 (3d Cir. 2005).

The instant Petition must be dismissed because Mr. Brown "has made no showing whatever that there is 'no significant likelihood of removal in the reasonably foreseeable future.'" Encarnacion-Mendez v. Attorney General of U.S., 176 Fed. App'x 251, 254 (3d Cir. 2006).[2] See, e.g., Joseph v. United States, 127 Fed. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6): "Under Zadvydas, a petitioner must provide 'good reason' to believe there is no likelihood of removal, 533 U.S. at 701, and Alva has

---

[2] Petitioner does not contend that he is entitled to habeas relief on the ground that DHS failed to comply with regulations. See 8 C.F.R. § 241.4.

failed to make that showing here"); Soberanes v. Comfort, 388 F. 3d 1305 (10th Cir. 2004) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) where petitioner failed to provide good reason to believe that there is no likelihood of removal); Akinwale v. Ashcroft, 287 F. 3d 1050, 1052 (11th Cir. 2002) ("in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). This Court will dismiss the Petition for failure to assert that Petitioner is detained contrary to the laws, the Constitution or treaties of the United States.[3] Id.

### III. CONCLUSION

The Court will dismiss the Petition.

s/Susan D. Wigenton
**SUSAN D. WIGENTON, U.S.D.J.**

DATED: December 10, 2012

---

[3] The dismissal is without prejudice to the filing of a new § 2241 petition (in a new case) in the event that Petitioner can allege facts showing that he has been detained for more than six months after his removal order became final and there is good reason to believe that there is no significant likelihood of Petitioner's removal in the reasonably foreseeable future. See Akinwale, 287 F. 3d at 1052 ("Because circumstances may ultimately change in [petitioner's] situation, we affirm the dismissal [of his habeas petition] without prejudice to [his] ability to file a new § 2241 petition in the future"). In addition, if Petitioner believes he is unlikely to be removed in the near future, he may request the DHS to review his situation. See 8 C.F.R. § 241.13(d)(1) ("An eligible alien may submit a written request for release to the HQPDU asserting the basis for the alien's belief that there is no significant likelihood that the alien will be removed in the reasonably foreseeable future. The alien may submit whatever documentation to the HQPDU he or she wishes in support of the assertion that there is no significant likelihood of removal in the reasonably foreseeable future").